**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 08-5100

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

KEVIN MILLER, a/k/a Kevin Millen, a/k/a Cakes,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore.  J. Frederick Motz, District Judge. (1:06-cr-00478-JFM-7)

_____

Submitted:  March 18, 2010        Decided:  April 1, 2010

_____

Before WILKINSON and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Joseph J. Gigliotti, Riverdale, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Debra L. Dwyer, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Miller appeals his conviction and sentence for conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 846 (2006). Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying there are no meritorious issues for appeal but arguing that the trial court erred in enhancing Miller's offense level based on facts not found beyond a reasonable doubt by the jury, such as finding that Miller qualified as a career offender, an organizer or leader in a criminal activity involving five or more participants, and had obstructed justice by threatening a witness, in violation of Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). Additionally, Miller has filed a pro se supplemental brief raising several additional issues. The Government has indicated that it will not file a brief. We affirm.

While we generally review sentences for reasonableness, applying an abuse of discretion standard, see Gall v. United States, 552 U.S. 38, 41 (2007), because Miller did not raise his procedural challenge before the district court, our review is for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). Though Miller asserts that facts supporting enhancements to a defendant's offense level must be admitted by the defendant or

2

found by a jury beyond a reasonable doubt, the remedial portion of United States v. Booker explicitly rejected such an approach. 543 U.S. 220, 246 (2005). After Booker, the sentencing court continues to make factual findings concerning sentencing factors by a preponderance of the evidence. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). Accordingly, the district court did not err in the manner suggested by Miller. Additionally, we find Miller's sentence to be both procedurally and substantively reasonable. See Gall, 552 U.S. at 51.

In accordance with Anders, we have thoroughly reviewed the record for any meritorious issues pertaining to Miller's convictions and have found none. Additionally, we have carefully reviewed the issues raised in Miller's pro se supplemental brief and find them to be without merit. We accordingly affirm the district court's judgment.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on the client. We dispense with oral argument because the facts and legal contentions are

3

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
